Filed 2/26/16  P. v. Villareal CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RUFUS VILLAREAL,<br><br>      Defendant and Appellant. | B265182<br>(Los Angeles County<br>Super. Ct. No.  KA103488) |

APPEAL from an order of the Superior Court of Los Angeles County. Wade D. Olson, Judge.  Affirmed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In the underlying action, pursuant to a plea agreement, appellant Rufus Villareal pleaded nolo contendere to charges of receiving a stolen motor vehicle and possession of a controlled substance. Later, he filed a petition or resentencing under Penal Code section 1170.18, a provision enacted pursuant to Proposition 47 that permits defendants convicted of certain felonies to be resentenced as if convicted of a misdemeanor. The trial court granted the petition in part and denied it in part, concluding that only appellant's conviction for possession of a controlled substance was eligible for resentencing. After an appeal was noticed from that ruling, appellant's court-appointed counsel filed an opening brief raising no issues. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist, and affirm the ruling on the petition for resentencing.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On December 10, 2013, an information was filed, charging appellant in count one with receiving a stolen motor vehicle (Pen. Code, § 496d), and in count two with possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). Accompanying the charges were allegations that appellant had suffered four prior convictions (Pen. Code, § 667.5, subd. (b)).[1] On the same date, pursuant to a plea argument, appellant pleaded nolo contendere to the charges and admitted the special allegations. The trial court placed appellant on probation for three years, subject to a suspended sentence of seven years and eight months in prison, comprising terms of three years on count one, eight months on count two, and four years for the prior convictions.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

In November 2014, the electorate approved Proposition 47, which makes certain drug-related and theft-related offenses misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 also added section 1170.18, which creates a post-conviction resentencing procedure for persons convicted of felony offenses now classified as misdemeanors. (*Rivera*, *supra*, 233 Cal.App.4th at pp. 1092-1093.) Subdivisions (a) and (b) of that statute authorize resentencing for those reclassified offenses, which include possession of a controlled substance (Health & Saf. Code, § 11377) and specified theft-related offenses, provided the value of the property in question was less than $950 (*People v. Nichols* (Feb. 3, 2016, H041979) ___ Cal.App.4th ___, ___ [2016 Cal.App. LEXIS 80, *5] (*Nichols*)). Under subdivision (a) of section 1170.18, a person "'currently serving'" a felony sentence for a reclassified offense who satisfies certain eligibility criteria may seek resentencing. (*Rivera*, *supra,* at p. 1092.)

In April 2015, at a probation revocation hearing, appellant admitted that he had violated the conditions of his probation. After revoking probation, at the unopposed request of defense counsel, the trial court set aside appellant's suspended sentence, and imposed an aggregate sentence of four years, comprising three years on count one and an additional year for one of the prior convictions. The court also imposed a concurrent two-year term on count two, and struck the remaining three prior conviction allegations.

In May 2015, appellant submitted a petition for recall of his sentence and for resentencing pursuant to section 1170.18. On June 3, 2015, the trial court granted the petition in part and denied it in part, concluding that only appellant's conviction for possession of a controlled substance was eligible for resentencing. In resentencing appellant, the court imposed a concurrent term of 364 days on that conviction. This appeal followed.

## DISCUSSION

After an examination of the record, appellant's court-appointed counsel filed an opening brief raising no issues, and requested this court to review the record independently pursuant to *Wende*. In addition, counsel advised appellant of his right to submit by supplemental brief any contentions or argument he wished the court to consider. Appellant has neither presented a brief nor identified any potential issues.

Our independent review of the record discloses no error in the trial court's determination that appellant's conviction for receiving a stolen motor vehicle is ineligible for resentencing under section 1170.18. Although the reclassified offenses enumerated in that statute expressly encompass receiving stolen property (§ 496), they do not include the offense of receiving a stolen motor vehicle, as set forth in section 496d. (*Nichols*, *supra*, ___ Cal.App.4th at pp. ___ [2016 Cal.App. LEXIS 80, at *5 - *14].)

Accordingly, as explained in *Nichols*, the latter offense is not eligible for resentencing under section 1170.18. (*Nichols*, *supra*, ___ Cal.App.4th at pp. ___ [2016 Cal.App. LEXIS 80, at *5 - *14].) In sum, because the record demonstrates that appellant's petition for resentencing was properly denied insofar as it targeted appellant's conviction for receiving a stolen motor vehicle, we conclude that no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The order of the trial court is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.